UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § § | |
| Plaintiff, | § § | Civil Action No. 2:15-cv-2101 |
| v. | § § | |
| RADIANT MARKETING, LLC d/b/a CLEAR SIP WATER FILTERS. | § § § | |
| Defendant. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), and for its Complaint for Patent Infringement of United States Patent No. 7,000,894 against Defendant Radiant Marketing, LLC d/b/a Clear Sip Water Filters states as follows:

**PARTIES**

1. Plaintiff Whirlpool is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan.

2. Defendant Radiant Marketing, LLC ("Radiant") is a limited liability company organized and existing under the laws of the state of Georgia. It is assigned Control No. 08095901 by the Georgia Secretary of State and has a principal place of business at 12195 Highway 92, Suite 114, #364, Woodstock, Georgia.

## JURISDICTION & VENUE

3.     The action arises under the patent laws of the United States, Title 35 United States Code. The jurisdiction of this Court is proper under Title 35 U.S.C. § 271, *et seq*. and Title 28 U.S.C. §§ 1331, 1332, and 1338.

4.     Radiant is a seller of water filters for refrigerators.

5.     Radiant has offered for sale and sold throughout the United States a Whirlpool-compatible replacement water filter that infringes United States Patent No. 7,000,894, such as a water filter bearing Model No. CSWP4396841, which is a Whirlpool "Filter 3" design. Radiant has offered for sale and sold such infringing products through its website, www.clearsipwaterfilters.com, and other on-line retail outlets such as eBay and Amazon.

6.     Radiant has offered for sale and sold Whirlpool-compatible refrigerator water filters that infringe U.S. Patent No. 7,000,894, such as Model No. CSWP4396841 filters, to residents and citizens of Texas who reside within this district.

7.     The Court has personal jurisdiction over Radiant because it has advertised in Texas, including the Eastern District of Texas, the sale of infringing filters via the internet, and Radiant has offered for sale and sold the infringing products to customers in the state of Texas, including the Eastern District of Texas, thereby harming Whirlpool by offering to sell and/or selling infringing products in this district.

8.     Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Radiant has committed acts of infringement in this judicial district.

## COUNT I
## Infringement of U.S. Patent No. 7,000,894

9. Whirlpool restates and incorporates by reference paragraphs 1 through 8 as if fully stated herein.

10. On February 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,000,894 ("the '894 patent") entitled "Fluidic Cartridges and End Pieces Thereof." On March 3, 2014, the USPTO issued an ex parte reexamination certificate for the '894 patent. Appended as Exhibit A is a true and correct copy of the '894 patent, inclusive of the ex parte reexamination certificate.

11. Whirlpool is the owner by assignment of the entire right, title and interest in and to the '894 patent, including the right to sue and recover past, present, and future damages for infringement.

12. Whirlpool manufactures products that practice the '894 patent, including Whirlpool "Filter 3" refrigerator water filters, and marks such products with the '894 patent.

13. Radiant has been infringing the '894 patent by importing, offering for sale and selling water filters covered by at least claims 1 and 4 of the '894 patent.

14. Whirlpool has obtained a water filter identified as Model No. CSWP4396841 from Radiant (hereinafter the "Infringing Filter"). Photographs that are fair and accurate representations of the Infringing Filter are appended as Exhibit B. The Infringing Filter infringes at least claims 1 and 4 of the '894 patent pursuant to Title 35, U.S.C. § 271(a), *et seq.*

15. Radiant was advised in writing on or about October 26, 2015 of its infringing activity and, further, was requested to cease and desist in such unlawful conduct.

16. As part of the correspondence to Radiant on October 26, 2015, wherein Radiant was advised of the infringing activity and requested to cease and desist, Whirlpool provided a

copy of the '894 patent and, further, encouraged Radiant to consult with legal counsel should there be any issue or question that the Infringing Filter being offered and sold were covered by the '894 patent.

17. Radiant's offers for sale and sales of the Infringing Filter were and continue to be without permission, authority, or license from Whirlpool. Further acts of infringement, unless enjoined by this Court, will continue to damage Whirlpool and cause irreparable harm to Whirlpool.

18. Radiant has not stopped such unlawful conduct, and will continue infringing the '894 patent unless enjoined by this Court. True and correct copies of screen prints taken December 8, 2015 of infringing offers for sale by Radiant doing business as "Clear Sip Water Filters" are appended as Exhibit C.

19. Radiant continues to offer for sale water filters covered by the '894 patent in reckless disregard of Whirlpool's legal rights and to Whirlpool's detriment. Radiant's infringement of the '894 patent is, therefore, willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Whirlpool respectfully requests the following relief:

a. That the Court enter a judgment that Radiant has infringed the '894 patent;

b. That the Court enter a judgment that the '894 patent is not invalid;

c. That the Court enter a judgment that the '894 patent is enforceable;

d. That the Court enter a permanent injunction preventing Radiant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the '894 patent;

  e. That the Court find Radiant's infringement was willful;

  f. That the Court award damages for the infringement to which Whirlpool is entitled;

  g. That the Court treble the damages for Radiant's willful infringement of the '894 patent;

  h. That the Court find this is an exceptional case and award Whirlpool its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

  i. That the Court award interest on the damages; and

  j. For any and all such other relief as this Court may deem appropriate.

Dated: December 18, 2015    Respectfully submitted,

    By: /s/ *Melissa R. Smith*
    Melissa R. Smith (*TX State Bar No. 24001351*)
    GILLAM & SMITH, LLP
    303 S. Washington Ave.
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257
    Email: Melissa@gillamsmithlaw.com

    OF COUNSEL:

    Jeffrey D. Harty (IA AT0003357)
    Ryan W. Leemkuil (IA AT0011129)
    NYEMASTER GOODE, P.C.
    700 Walnut Street, Ste. 1600
    Des Moines, IA 50309-3899
    Telephone: (515) 283-8038
    Facsimile: (515) 283-3108
    Email: jharty@nyemaster.com
    Email: rwleemku@nyemaster.com

    *Attorneys for Plaintiff*
    **WHIRLPOOL CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on December 18, 2015.

>
> */s/ Melissa Smith*
> Melissa Smith